**1IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

| | |
|---|---|
| HOLLIE JUSTICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-330 |
| ) | |
| M.N.S & ASSOCIATES, LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, HOLLIE JUSTICE ("Plaintiff"), through her attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, M.N.S & ASSOCIATES, LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the North Carolina Collection Agency Act, § 58-70, *et seq.* ("NCCAA").

**JURISDICTION AND VENUE**

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim alleged herein.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

7. Plaintiff is a natural person residing in Marion, McDowell County, North Carolina.

8. Plaintiff is a consumer as that term is defined by the FDCPA and NCCAA.

9. Plaintiff allegedly owes a debt as that term is defined by FDCPA and NCCAA.

10. Defendant is a debt collector as that term is defined by FDCPA and NCCAA.

11. Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in Buffalo, Erie County, New York.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. Defendant attempted to collect a debt within the State of North Carolina.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

20. Defendant is attempting to collect an alleged debt from Plaintiff.

21. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

22. In or around July 2021, Defendant began placing calls to Plaintiff on Plaintiff's telephone number at xxx-xxx-7477, in an attempt to collect the alleged debt.

23. Defendant calls Plaintiff from 828-398-0654, which is one of Defendant's telephone numbers.

24. In or around July 2021, Defendant left the following voicemail messages on Plaintiff's telephone:

    a. "Hello, this message is intended for Hollie Justice. I'm calling for asset verification and from address, place of employment. I was forwarded documentation does verify your name, social security number, in regards to this process for enforceable review. Please be advised we are requesting for you to sign and respond to our required demand notice. Before I go ahead and begin scheduling of the document, I wanted to inform you this process is being expedited and should commence within the next 24 to 48 hours. At this time, with any questions regarding this matter, you may contact an advisor at 877-630-6498. Reference your file number, 53871220. Otherwise, failure to contact then may result in further determinations being made, depending on the state/federal guidelines. You have now been officially notified."

    b. "Hello. This message is intended for Hollie Justice. I'm calling again for asset verification, from address place of employment. I still have a request for you to sign in, respond to a required demand notice per federal guideline. And since I haven't heard differently, the issuing process may commence today. You do still have the opportunity to contact an advisor with any questions. This can be done by contacting him at 877-630-6498. Reference your file number: 53871220. Otherwise, failure to contact them

3

may result in further determinations being made pursuant to all typical state federal guidelines. You have now been officially notified for the final time."

25. The telephone number 877-630-6498 belongs to Defendant.

26. Defendant's male collector is or should be familiar with the FDCPA and NCCAA.

27. Defendant's male collector knows or should know the FDCPA and NCCAA require a debt collector to disclose the caller's identity when communicating with a consumer.

28. Defendant's male collector knows or should know the FDCPA and NCCAA require a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose.

29. On or about July 12, 2021, Defendant called Plaintiff's mother, Vanessa Mills ("Vanessa"), and spoke with Vanessa.

30. During the above-mentioned conversation:

    a. Defendant's collector requested for Vanessa to provide Plaintiff's telephone number.

    b. Vanessa provided Plaintiff's telephone number to Defendant's collector.

    c. Defendant's collector falsely represented that she had documents for Plaintiff to sign.

    d. Relying on Defendant's collector's false representation, Vanessa agreed to allow Defendant to call back and leave her contact information on her voicemail.

31. On or about July 12, 2021, Defendant left the following voicemail message on Vanessa's telephone:

    a. "Hello, ma'am. This is Eileen with MNS and Associates. I just spoke to you in regards to Holly Justice. My number here is 877-630-6498. I also have a reference number for her, 53871220. I do have some documents I need to go over with Holly to make sure I have them correct. If you could

4

ask her to please call me, I would appreciate it. Thank you, and have a good day."

32. Defendant's male collector was working within the scope of his employment when he the left voicemail message for Plaintiff on Plaintiff's telephone.

33. To date, Defendant has not taken legal action against Plaintiff.

34. To date, judgment is not entered against Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-four (34) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

36. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d(3) of the FDCPA by communicating with any person other than the consumer more than once unless requested to do so, when Defendant left voicemail message on Vanessa's telephone after speaking with Vanessa;

    b. Defendant violated § 1692d(6) of the FDCPA by placing a collection call to Plaintiff without meaningful disclosure of the caller's identity, when Defendant left voicemail messages for Plaintiff on Plaintiff's telephone and did not disclose the communication is from Defendant;

    c. Defendant violated § 1692e of the FDCPA when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

    d. Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the character, amount, or legal statute of any debt, when Defendant falsely represented a lawsuit was filed against Plaintiff;

5

e. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that is not intended to be taken, when Defendant threatened to verify Plaintiff's place of employment when Defendant cannot lawfully take such action;

f. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant falsely represented legal action was taken against Plaintiff;

g. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant left voicemail messages for Plaintiff on Plaintiff's telephone and did not disclose the communication is from a debt collector and that any information obtained will be used for that purpose; and

h. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, HOLLIE JUSTICE, respectfully requests judgment be entered against Defendant, M.N.S & ASSOCIATES, LLC, for the following:

37. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

38. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

39. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE
## NORTH CAROLINA COLLECTION AGENCY ACT

40. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-four (34) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

41. Defendant violated the North Carolina Collection Agency Act based on the following:

    a. Defendant violated § 58-70-95 of the North Carolina General Statutes by threatening to take any action not in fact taken in the usual course of business, when Defendant's veiled threats of legal action and Defendant did not intend to take such action;

    b. Defendant violated § 58-70-110 of the North Carolina General Statutes by attempting to collect a debt concerning a consumer by any fraudulent, deceptive, or misleading representation, when Defendant insinuated legal action was taken, or was about to be taken, against Plaintiff when no such action was intended to be taken;

    c. Defendant violated § 58-70-110(1) of the North Carolina General Statutes by communicating with the consumer other than in the name of the person making the communication, when Defendant left voicemail messages for Plaintiff on Plaintiff's telephone and did not disclose the communication is from Defendant; and

    d. Defendant violated § 58-70-110(2) of the North Carolina General Statutes by failing to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any

information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, when Defendant left voicemail messages for Plaintiff on Plaintiff's telephone and did not disclose the communication is from a debt collector and that any information obtained will be used for that purpose.

42. Defendant's actions constituted an unfair act by engaging in the above-referenced misconduct in or affecting commerce because Defendant is collecting on a consumer debt and proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff, HOLLIE JUSTICE, respectfully requests judgment be entered against Defendant, M.N.S & ASSOCIATES, LLC, for the following:

43. Actual damages and civil penalties of not less than $500.00 nor greater than $4,000.00 per violation pursuant to North Carolina General Statute § 58-70-130;

44. Punitive damages pursuant to North Carolina General Statute § 58-70-130;

45. Costs and reasonable attorneys' fees; and

46. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

November 2, 2021
By: /s/ Shireen Hormozdi
Shireen Hormozdi
Hormozdi Law Firm, PLLC
North Carolina Bar No. 47432
1770 Indian Trail Road, Suite 175
Norcross, GA 30093
Tel: 678–395-7795
Cell: 678-960-9030
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com